MATHEWS, J.
delivered the opinion of the court, The plaintiff and appellee instituted this suit for the recovery of a negro woman and child.
The defendant pleaded in abatement, in bar, and the general issue. In abatement another suit pending between the parties for the same cause of action: in bar, a final judgment in his favour in a former action, and title by prescription.
The only evidence offered in support of these pleas is the record of a suit heretofore instituted, between the same parties, and for the same cause of action. It is clear that this evidence does not support all the pleas, and it is believed that it is not sufficient to support any one of them.
The former action could not be finally adjudged, and still pending at the time that the defendant filed his answer in the present, and although it does not clearly appear from the record of the present suit, that the judgment of discontinuance pronounced in the other, was already given at *20 the time of filing the answer, yet as the first suit is pleaded as res judicata, and as the time allowed to the defendant to answer, after the was cited comes down to a date later than that on which the judgment of discountenance seems to have been pronounced, we assume it as a fact that the judgment was prior to the answer and consequently the plea in abatement is not well sustained.
The record of the former suit shews that, after the trial had been proceeded in, so far as to examine several witnesses, the plaintiff moved the court for leave to discontinue, and a judgment of discontinuance was accordingly entered, the effect of which it now becomes necessary to examine.
It is a general rule of proceeding, in courts of justice, that a plaintiff may discontinue his suit at any time before entering on the trial of it.. Such a discontinuance subjects him to the payment of costs, but does not hinder him from supporting anew suit for the same cause of action, We are of opinion that it comes within the legal discretion of a court, before which a suit is pend - ing. to permit the plaintiff to discontinué even after entering on the trial: and there cannot be any doubt of the effect of the discontinuance being tne same in beta instances-saving to the *21 party the right of renewing his suit. If we are correct in laying down these rules the plaintiff and appellee is not bound by the judgment of discontinuance.
The defendant and appellant claims title to the slaves, who are the subject of this suit by prescription. Without entering into an examination of the various periods and different durations of time, necessary to create a title to property, according to our laws of prescription, it suffices, in the present case lo observe that there is no evidence which fully supports the defendant’s claim, under a prescription of twenty years, on which he seems to rely.
In relation to the original title, as contested between the parties, it is true that a contrariety of testimony is exhibited. By witnesses on different sides, facts directly opposite are sworn to. Here is evidently false swearing, it is hoped, through mistake. This court is not in possession of any better means of ascertaining the truth, by weighing the testimony, than those which were in the power of the parish court It is thought that the conclusions, as to the facts then made, are as correct as any that could he here formed.
Thus far, we discover nothing erroneous in the judgment of the inferior court, But in *22 awarding damages to the plaintiff, for the detention of the slaves, it is believed that the court erred. They were sequestered ever since the commencement of the suit. In all probability they have been saved to the plaintiff by the act of the defendant, in bringing the mother from St. Domingo, when the fortune of all the inhabitants of that place had been destroyed by the revolution. The defendant had a right to hold them in possession, without being answerable in damages; till he title of the plaintiff should be fully established by a competent tribunal. It anpears also, from the contrariety of the testitimony, that he held the slaves in good faith, believing them to be his own property.
Morel for the plaintiff, Livingston for the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish courtS be annulled, avoided and reversed: and, proceed in~ to give here such a judgment as in our opinion the justice of the case requires, it is further ordered, adjudged and decreed, that the plaintiff do recover fro~n the defendant the negro woman sued for, and her children, with costs in the parish court, and that he pay the costs of the appeal.